### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| CARL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-438-TLS |
| | ) | |
| DUSTIN RUTLEDGE, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Carl Lee Ledford, a pro se litigant, submitted a Complaint [ECF No. 1] against

Defendants Dustin Rutledge, Rogelio Escutia, Andrew D. Hahn, Bradley Balasa, A. Shefferly, R.

Nystuen, Shane LaMartz, E.M., and the Sheriff of Knox County, and also filed a Motion for

Leave to Proceed in forma pauperis [ECF No. 2] on October 18, 2017, which the Court granted

[ECF No. 3] on October 25, 2017. Subsequently, the Court considered three Motions to Dismiss

[ECF Nos. 34, 36, 41] filed by some, but not all, of the Defendants. On March 28, 2018, the

Court dismissed [ECF No. 60] most of the Plaintiff's claims without prejudice and with leave to

amend his Complaint. Defendant E.M. filed an Answer [ECF No. 61] to the Plaintiff's original

Complaint on April 9, 2018, and Defendant LaMartz filed an Answer [ECF No. 68] on May 9,

2018, to the Plaintiff's original Complaint.

The Plaintiff filed an Amended Complaint [ECF No. 70] on June 27, 2018, restating his

claims and adding numerous Defendants based on their employment relationships with the

named individual Defendants. Along with his Amended Complaint, the Plaintiff manually filed a

USB drive containing videos in support of his claims; however, the Plaintiff did not serve a copy

of these videos on any of the Defendants. Defendants E.M.; Nystuen; Shefferly; Hahn; Escutia;

Lamartz; Rutledge; the counties of Largo, [1] Marion, LaPorte, Elkhart, Allen, and Starke; Indiana State, Wabash, and Michigan City Police Departments; and LaPorte County Sheriff's Department filed Notices [ECF Nos. 72, 74, 76] that they had not been served with any copies of the videos. On July 9, 2018, the Magistrate Judge ordered [ECF No. 86] the Plaintiff to, among other things, file an Amended Certificate of Service indicating service of the entire Amended Complaint, including the videos contained on the USB drive, to the originally named Defendants. The Plaintiff subsequently filed a Motion to Serve Attachments using CM/ECF [ECF No. 87], requesting that the Court make copies of the videos contained on the USB and serve them on the Defendants via the Court's CM/ECF system as he is indigent and cannot afford to make the copies himself. The Court took this Motion under advisement [ECF No. 95] until it had performed further screening of the Plaintiff's Complaint as well as addressed the Motions to Dismiss[2] [ECF Nos. 90, 92] filed subsequent to the Plaintiff's Motion to Serve.

The Court will now consider (1) the pending Motions to Dismiss; (2) whether the Plaintiff has corrected the deficiencies identified by the Court in its March 28, 2018, Opinion and Order; and (3) whether the Plaintiff has stated a claim upon which relief can be granted against the added Defendants.

---

[1] The Court notes that the Defendant has sued the City of Wabash and the "County of Largo." There is no such county, but the citation that the Plaintiff attached to his Original Complaint indicates that he was detained in Lagro Township within Wabash County. (*See* ECF No. 1-1.) Therefore, the Court will not consider any allegations against the "County of Largo."

[2] The Court instructed that the Motions be briefed in accordance with the local rules, but the Plaintiff has failed to file any timely responses.

## THE PLAINTIFF'S ALLEGATIONS

In his Amended Complaint, the Plaintiff alleges violations of 42 U.S.C. § 1983 based on his Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Fourteenth Amendment rights. More specifically, he claims violations of his:

> Human Right to Free Travel, and the Plaintiff's U.S. right to be free from harassment, and racially-based profiling, deliberate-intimidation, premeditated-stalking, illegal use of excessive force, assault, sexual assault, false-ticketing, citing, false arrest and extortion, and violation of the Plaintiff's U.S. Constitutionally Protected Rights to Due Process, and Plaintiff's U.S. Rights to Adequate Counsel, and to include Abuse of Process violations, and Malicious Prosecution, and the intentional infliction of emotional distress.

(Amend. Compl. ¶ 2, ECF No. 70.) He also asserts that the Defendants acted in a concerted manner and conspired to violate his rights. He alleges that he has been unjustly detained on numerous occasions as a result of racial profiling. According to the Plaintiff, these detentions have ultimately resulted in over $15,000.00 in fines, costs, and fees, and he suffers severe emotional stress from the harassment. (*Id.* at ¶ 3.)

As a basis for his allegations, the Plaintiff details multiple traffic stops:

(1)     August 1, 2016, by Defendants Shefferly and Nystuen, which resulted in the Plaintiff's arrest, although the case was ultimately dismissed. Defendants Shefferly and Nystuen are employed by the City of Fort Wayne, located within Allen County;

(2)     September 14, 2016, by Defendant Balasa, which resulted in a warning. Defendant Balasa is employed by the City of Nappanee, located within Elkhart County;

(3)     October 16, 2016, by Defendant Hahn, which resulted in a warning. Defendant Hahn is employed by LaPorte County;

(4)     November 8, 2016, by Defendant Escutia, which resulted in a warning. Defendant Escutia is employed by the State of Indiana and performed the relevant traffic stop in Michigan City, located within LaPorte County;

3

(5)     December 14, 2016, by Defendant LaMartz, which resulted in a citation that was

ultimately dismissed. Defendant LaMartz is employed by the State of Indiana and

performed the relevant traffic stop in Indianapolis, located in Marion County;

(6)     December 29, 2016, by Defendant Rutledge, which resulted in a finding of guilty after a

bench trial in state court. Defendant Rutledge is employed by the State of Indiana and

performed the relevant traffic stop in the Township of Lagro, located within Wabash

County; and

(7)      May 16, 2016, by Defendant E.M., which resulted in a warning. Defendant E.M. is

employed by the City of Fort Wayne, located within Allen County.

The Plaintiff requests $500,000 in damages as well as injunctive relief.

Defendants Shefferly, Nystuen, E.M., City of Fort Wayne, Fort Wayne Police

Department, Chief of Fort Wayne Police Department ("Fort Wayne Defendants"), and Defendant

Balasa filed Motions to Dismiss [ECF Nos. 90, 92]. Defendant Balasa argues that the Plaintiff

fails to state any claim against him and that he should be dismissed from this action. The Fort

Wayne Defendants concede that the Plaintiff has stated a claim under the Fourth Amendment

against Defendants Shefferly, Nystuen, E.M., and the City of Fort Wayne, but they argue that the

Plaintiff fails to state any other claims against these Defendants. The Fort Wayne Defendants

also argue that the Fort Wayne Police Department and its Chief are not suable entities and should

be dismissed from this action.

## STANDARD OF REVIEW

To state a claim under the federal notice pleading standards, a complaint must set forth a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . .

claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Although pro se complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), the factual allegations in the complaint must nevertheless be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient . . . ." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (internal citations omitted).

## ANALYSIS

### A.    Deficiencies in Original Complaint

The claims that the Court addressed in its March 28, 2018, Opinion and Order were for liability under 42 U.S.C. § 1983 based on violation of the Plaintiff's Fourth, Fifth, and Ninth Amendment rights, as well as malicious prosecution, intentional infliction of emotional distress, and conspiracy brought against the named Defendants (Balasa, Hahn, Escutia, E.M., LaMartz, Rutledge, and the Sheriff).[3] The Court first disposed of the Plaintiff's Ninth Amendment claims, noting that the Ninth Amendment does not protect any specific right. The Court also found that the Plaintiff had failed to allege sufficient facts to plausibly suggest that any of the Defendants were liable for violation of his Fifth Amendment rights, malicious prosecution, intentional

---

[3] Because Defendants Shefferly and Nystuen filed an Answer to the Plaintiff's Complaint and did not join in any of the Motions to Dismiss, the Court did not consider the sufficiency of the claims made against them at that time.

infliction of emotional distress, or conspiracy. However, the Court found that the Plaintiff had sufficiently pleaded facts to support his claim for violation of his Fourth Amendment rights as against Defendants E.M. and LaMartz. The Court dismissed the claims for which the Plaintiff had not pleaded sufficient facts, without prejudice.

### 1.    Fourth Amendment

The Fourth Amendment protects only against actions by federal actors, and the Plaintiff has brought claims only against state actors; however, the protections of the Fourth Amendment have been made applicable to the states through the Fourteenth Amendment. *See Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016). To state a claim under § 1983, the Plaintiff must allege that "the conduct complained of was committed by a person acting under color of state law and this conduct deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001) (internal quotations omitted). Under the Fourth Amendment, the Plaintiff must allege that he was subjected to a search or seizure without probable cause. The Court determined in its previous Opinion and Order that the Plaintiff had stated a claim for violation of his Fourth Amendment rights as against Defendants LaMartz and E.M. and will not revisit these claims here.

### a.    Defendant Rutledge

According to the Plaintiff, Defendant Rutledge detained the Plaintiff for speeding around midnight while the Plaintiff was driving a black car with chrome wheels. The Plaintiff told Rutledge that he had been scared because it was late and dark and Rutledge was following him abnormally closely with abnormally bright lights. Rutledge issued the Plaintiff a citation, and the

Plaintiff appeared at a bench trial in the Wabash Superior Court to contest this citation. The Plaintiff argues that Rutledge trailed and harassed him and that Rutledge gave false testimony at trial, resulting in a finding of guilty, despite the state court judge's compliment regarding the quality of the Plaintiff's pro se defense. The Plaintiff unsuccessfully appealed his conviction.

Defendant Rutledge argued in his Motion to Dismiss the Plaintiff's original Complaint that the Plaintiff's claims were barred under the *Rooker-Feldman* doctrine. The Court disagreed, finding that the Plaintiff's claim did not directly attack the state court's judgment; however the Court found that the Plaintiff's Fourth Amendment claim was barred by the related doctrine of collateral estoppel. In his Amended Complaint, the Plaintiff alleges more facts regarding the traffic stop by Rutledge and subsequent proceedings, but this time he also directly attacks the state-court judgment, alleging that he was innocent of the charge against him. The *Rooker-Feldman* doctrine prevents district courts from adjudicating "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent that the Plaintiff's Fourth Amendment claim attacks the state court judgment, it is barred by the *Rooker-Feldman* doctrine. To the extent that the Plaintiff's claim attacks the constitutionality of the traffic stop, it is barred by collateral estoppel. Therefore, the Plaintiff has failed to correct the deficiencies in his Complaint as to his Fourth Amendment claim against Defendant Rutledge.

b.      *Defendants Escutia, Hahn, and Balasa*

In its previous Opinion and Order, the Court dismissed all claims against Defendant Escutia because the only reference to Defendant Escutia in the Plaintiff's original Complaint was a notation in the margin, referencing a citation number and a date along with the comment

"warning & searched." (Compl. 2–3.) In his Amended Complaint, the Plaintiff asserts that on November 8, 2016, Defendant Escutia detained him and accused him of having fictitious plates on his vehicle and of not wearing a seatbelt. Ultimately, he issued the Plaintiff only a warning. The Plaintiff asserts that he had not committed any traffic violations at the time of the traffic stop.

The Court dismissed all claims against Defendants Hahn and Balasa for the same reason it dismissed all claims against Defendant Escutia. In his Amended Complaint, the Plaintiff asserts that Defendant Hahn detained the Plaintiff on October 16, 2016, for speeding, ultimately issuing only a warning citation to the Plaintiff. The Plaintiff asserts that Defendant Balasa detained the Plaintiff on September 14, 2016, and issued a warning for speeding. The Plaintiff asserts that he had not committed any traffic violations at the time of either of the traffic stops.

Although sparse, the Court finds that the Plaintiff has alleged enough facts to meet the pleading standard on his Fourth Amendment claim against Defendants Escutia, Hahn, and Balasa.

c.    *Defendants Shefferly and Nystuen*

The Court did not review the Fourth Amendment claims against Defendants Shefferly and Nystuen in its March 28, 2018, Opinion and Order because neither Defendant filed a Motion to Dismiss or joined in another Defendant's Motion to Dismiss. For the sake of completeness, the Court briefly discusses the Plaintiff's claims against these two Defendants. The Plaintiff alleges that on August 1, 2016, Defendant Shefferly, accompanied by Defendant Nystuen, detained the Plaintiff for failing to wear his seatbelt, although the Plaintiff asserts that he was, in fact, wearing his seatbelt and had not committed any other traffic violations. The Plaintiff also

asserts that he was unlawfully arrested and subjected to excessive force during the stop. These allegations are sufficient to meet the pleading standard on his Fourth Amendment claim against Defendants Shefferly and Nystuen.

d.   *Defendant Sheriff of Knox*[4]

The Court dismissed the Plaintiff's Fourth Amendment claims against the Sheriff for similar reasons as those relating to the claims against Defendants Escutia, Hahn, and Balasa. The only reference to the Sheriff in the Plaintiff's original Complaint was a case number along with the comment "Plaintiff held 2 weeks with no court, no bond." The allegations that the Plaintiff makes in his Amended Complaint against the Sheriff, however, are different. The Plaintiff makes no reference to being held without bond in his allegations against the Sheriff;[5] instead, the Plaintiff asserts that he was forced to pay a fine associated with a speeding ticket that he does not recall receiving. The Plaintiff states that he paid the fine as part of a deal to have his driving privileges reinstated. The Plaintiff's theory of liability is that the Sheriff of the City of Knox is "responsible for whatever circumstances led up to this instance."

---

[4] It is unclear whether by "Knox," the Plaintiff means the City of Knox, located in Starke County, or Knox County. The Plaintiff's Amended Complaint names the City of Knox as a Defendant, but there is no Sheriff of the city; there is a Sheriff of Knox County. Because the Plaintiff names the City of Knox and Starke County as Defendants, the Court will proceed under the assumption that by "Sheriff of Knox, In.," the Plaintiff is referring to the Knox Police Department's Chief of Police. The Court notes that, as with the unnamed Defendant Sheriffs and Chiefs of police, Defendant Sheriff of Knox is not a suable entity, which constitutes an independent reason to dismiss the claims against him.

[5] The Plaintiff does reference being held without bond in the conclusion of his Amended Complaint, but he ties this incident to a person named Brandon Cooper (Amend. Compl. ¶¶ 386–95), who is not a named Defendant in this case. However, the Plaintiff alleges that his incident occurred on March 22, 2013 (*Id.* at ¶ 386), which is outside the statute of limitations for § 1983 claims, which in Indiana is two years. *See Behavioral Institute of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).

The Plaintiff offers no facts that would support a claim for violation of his Fourth Amendment rights because he alleges no search or seizure related to the referenced citation. In fact, he specifically alleges that he was *not* in the car at the time of the citation. Therefore, the Plaintiff has not cured the deficiencies in his claim against the Sheriff of Knox.

**2.     *Fifth Amendment***

a.     *Defendant Rutledge*

The deficiencies in the Plaintiff's Fifth Amendment claim against Defendant Rutledge remain uncured for the same reasons that his Fourth Amendment claim is deficient. To the extent that the Plaintiff's Fifth Amendment claim attacks the state court judgment, it is barred by the *Rooker-Feldman* doctrine. To the extent that the Plaintiff's claim attacks the constitutionality of the traffic stop and subsequent court proceedings, it is barred by collateral estoppel. Therefore, the Plaintiff has failed to cure the deficiencies in his Complaint as to his Fifth Amendment claims against Defendant Rutledge.

b.     *Defendants LaMartz, Escutia, Hahn, Balasa, E.M., Shefferly, and Nystuen*

The Plaintiff alleges that on December 14, 2016, the Plaintiff circled a block, making four right turns on all one-way streets, when Defendant LaMartz pulled him over for making a wrong turn. Defendant LaMartz was accompanied by a second police officer who is currently unidentified by the Plaintiff. Both officers approached the Plaintiff's car, one on each side, with hands on their weapons. The Plaintiff alleges that Defendant LaMartz became aggressive, attempting to provoke the Plaintiff into an argument. Ultimately, Defendant LaMartz issued a citation to the Plaintiff. The Plaintiff disputed the citation, and was required to appear in court in Indianapolis. The citation was ultimately dismissed.

10

The Fifth Amendment provides, in relevant part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. But, the only basis against Defendant LaMartz for the Plaintiff's Fifth Amendment claim is the Plaintiff's court appearance to contest the citation and the alleged impropriety of the traffic stop. However, these theories must fail. Court appearances do not constitute a deprivation of liberty. *See Alexander v. McKinney*, 692 F.2d 553, 557 n.2 (7th Cir. 2013). Further, traffic stops made without probable cause are actionable under the Fourth Amendment, not the Fifth.

The Plaintiff has not alleged any facts that would plausibly suggest that the traffic stops by Defendants Escutia, Hahn, Balasa, and E.M. violated his Fifth Amendment rights for the same reason. The Plaintiff's Fifth Amendment allegations against these Defendants turn on whether each had probable cause to detain the Plaintiff, a matter governed by the Fourth Amendment. As for Defendants Shefferly and Nystuen, the Plaintiff additionally alleges that they used excessive force and unlawfully arrested him. These claims are also covered under the Fourth Amendment. *See, e.g.*, *Williams v. Brooks*, 809 F.3d 936 (7th Cir. 2016). Therefore, the Plaintiff has not alleged a Fifth Amendment claim against Defendants LaMartz, Escutia, Hahn, Balasa, E.M., Shefferly, or Nystuen.

b.    *Defendant Sheriff of Knox*

The Plaintiff did not cure the deficiencies with regard to the allegation he made in his original Complaint about being held without bond. As to his new allegations against the Sheriff, the Plaintiff was not deprived of life, liberty, or property without due process of law. Although he may believe that he was wrongly required to pay the fine associated with the citation, there is no allegation that he did not have the opportunity to contest it or that the Sheriff, in his individual

11

capacity, prevented the Plaintiff from contesting it. Therefore, the Plaintiff has not stated a claim against the Sheriff under the Fifth Amendment.

### 3. Malicious Prosecution

The Plaintiff cannot bring a malicious prosecution under state law against any of the Defendants. The Indiana Tort Claims Act provides: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he initiation of a judicial or an administrative proceeding." Ind. Code § 34-13-3-3(6). It is clear from the Plaintiff's Complaint and Amended Complaint that the Defendants were acting in their capacities as state actors—the Plaintiff alleges that each Defendant detained the Plaintiff for alleged traffic violations while in marked police cars, and part of the Plaintiff's claim asserts that each was acting as part of a concerted effort sanctioned by their employers. Therefore, "in accordance with the plain wording of Ind. Code 34-13-3-3(6), immunity is granted to the State and municipal subdivisions and police officers in actions for malicious prosecution." *F.D. v. Ind. Dept. of Child Servs.*, 1 N.E.3d 131, 137 (Ind. 2013) (quoting *Livingston v. Consol. City of Indianapolis*, 398 N.E.2d 1302, 1306 (Ind. Ct. App. 1979) (internal brackets omitted)). Therefore, the Plaintiff has no claim against any of the Defendants for malicious prosecution under Indiana law; his claims for malicious prosecution, if any, lie under federal law.

The Seventh Circuit has emphasized that "federal courts are rarely the appropriate forum for malicious prosecution claims." *See Ray v. City of Chi.*, 629 F.3d 660, 664 (7th Cir. 2011). This is because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *Id.* (internal quotations omitted). "Instead, we usually analyze these self-styled 'malicious prosecution' claims as alleging a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth

12

Amendment, or the right to a fair trial under the Due Process Clause." *Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013). "To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). Here, the Plaintiff has failed to state a claim for malicious prosecution against Defendant Rutledge because the relevant court proceedings did not terminate in the Plaintiff's favor.

Additionally, the Plaintiff has failed to state a claim for malicious prosecution against Defendants LaMartz, Shefferly, and Nystuen because he has failed to allege facts that would show the requisite deprivation of liberty. Deprivation of liberty does not include court appearances, regardless of whether the outcome was favorable to the Plaintiff. *Alexander*, 692 F.2d at 557 n.2 ("Nor does the burden of appearing in court and attending trial, in and of itself, constitute a deprivation of liberty."). Nor does his arrest after his encounter with Defendants Shefferly and Nystuen constitute a deprivation of liberty for the purposes of a malicious prosecution claim. *See Serino*, 735 F.3d at 593–94.

Based on his Amended Complaint, it does not appear that the Defendant is asserting claims of malicious prosecution against Defendants Escutia, Hahn, Balasa, and E.M. Nor could he, as no court proceedings resulted from the relevant traffic stops. There is no cognizable claim

for malicious prosecution against the Sheriff of Knox for multiple reasons, including that any court proceedings related to the referenced citation were not resolved in the Plaintiff's favor.

### 4.    *Intentional Infliction of Emotional Distress*

Indiana recognizes the tort of intentional infliction of emotional distress, but has rigorous requirements for such a claim. *See Creel v. I.C.E. & Assoc., Inc.*, 771 N.E.2d 1276, 1281–82 (Ind. Ct. App. 2002). "This tort arises when a defendant: (1) engages in 'extreme and outrageous' conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another." *Id.* at 1282 (citing *Bradley v. Hall*, 720 N.E.2d 747, 752 (Ind. Ct. App. 1999)). "[T]he conduct at issue must exceed all bounds usually tolerated by a decent society and cause mental distress of a very serious kind." *Id.* (citing *Ledbette v. Ross*, 725 N.E.2d 120, 124 (Ind. Ct. App. 2000)). Indiana courts follow the Restatement (Second) of Torts for the definition of extreme and outrageous conduct. *See, e.g.*, *Bradley*, 720 N.E.2d at 753.

Indiana courts find liability for intentional infliction of emotional distress "only where the defendant's conduct has been extreme and outrageous." *Id.* (quoting the Restatement (Second) of Torts § 46, cmt. d). It is not enough that the defendant "acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Id.* Rather, the accused conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* "[L]iability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Gable v. Curtis*, 673 N.E.2d 805, 810 (Ind. Ct. App. 1996) (quoting the Restatement (Second) of Torts § 46, cmt. d).

14

When construing all facts in the Plaintiff's favor, the Court finds that he has not alleged sufficient facts in his Amended Complaint to adequately state a claim for intentional infliction of emotional distress against Defendants Rutledge, LaMartz, Escutia, Hahn, Balasa, E.M, Shefferly, or Nystuen. The alleged conduct by these defendants simply does not rise to the "extreme and outrageous" level required for an intentional infliction of emotional distress claim. The actions about which the Plaintiff complains include being followed abnormally closely, having unreasonably bright lights shined through his back windshield, false testimony, fabrication of reasons to detain him, having multiple police cars appear at the scene at one time without any apparent justification for the excess show of force, verbal provocation, inappropriate physical contact, and false arrest. None of this approaches the Restatement's—and therefore Indiana's— "rigorous" standard to show intentional infliction of emotional distress. *See Kowalevicz v. United States*, 302 F. Supp. 3d 68, (D.D.C. 2018) (finding that initiating a traffic stop "without reasonable articulable suspicion . . . forcing [Plaintiff] to take unnecessary and humiliating sobriety field tests . . . arresting Plaintiff without probable cause; and fraudulently initiating misdemeanor traffic proceedings . . . in order to conceal [the police officer's] own wrongdoing" did not constitute outrageous conduct); *Oberc v. Fairlane Capital Inc.*, No. 3:13-CV-1010, 2015 WL 4099852, at *8 (N.D. Tex. July 2, 2015) ("Taking Plaintiff's allegations as true . . . [the Defendant's] conduct may be considered inappropriate, embarrassing, harassing, and it may have cause Plaintiff shame, humiliation, and grief. However, the alleged conduct does not rise to the level of being 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"). Therefore, the Plaintiff has failed to state a claim for intentional infliction of emotional distress against Defendants Rutledge, LaMartz, Escutia, Hahn, Balasa, E.M., Shefferly, or Nystuen.

The Plaintiff also has not stated a claim for intentional infliction of emotional distress against the Sheriff of Knox. The Plaintiff's theory of liability rests on the Sheriff's supervisory role. However, if there is no underlying incident of intentional infliction of emotional distress, it cannot be said that the Sheriff recklessly or intentionally engaged in extreme and outrageous conduct with the specific intent to cause the Plaintiff emotional distress. Moreover, there are no allegations of behavior on the part of the Sheriff that was outrageous or exceeded all bounds of decency in Indiana law. Therefore, the Plaintiff has failed to state a claim against the Sheriff for intentional infliction of emotional distress.

**5.    *Conspiracy***

The Plaintiff does not make clear whether he is asserting his conspiracy claims as civil causes of action or under federal statutes. Under Indiana law, "[a] civil conspiracy is a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *K.M.K. v. A.K.*, 908 N.E.2d 658, 663 (Ind. Ct. App. 2009). Indiana law does not recognize an independent cause of action for civil conspiracy. *See Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1234 (Ind. 1994). "But a plaintiff may sue for damages that result from such a conspiracy if he can demonstrate that the defendants acted in concert with another party in the commission of an independent tort." *K.M.K.*, 908 N.E.2d at 663–64. "[T]he function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988). "To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are." *Id.* Rather, "[i]t is enough if you

16

understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." *Id.*

"A claim for conspiracy under 28 U.S.C. § 1985(3) requires: (1) the existence of a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protections of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the alleged conspiracy[;] and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Alexander v. City of South Bend*, 320 F. Supp. 2d 761, 778 (N.D. Ind. 2004) (citing *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1024 (7th Cir. 2000)). Section 1985(3) requires 'some racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 201 (1971)). Section 1986 claims "derive from claims under Section 1985 [and] impart[] liability on those who know of a Section 1985 conspiracy and do nothing to prevent it, despite their power to do so." *Id.* (citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1233 (7th Cir. 1995)). The Court found in its previous Opinion and Order that the Plaintiff had failed to sufficiently state a claim for a conspiracy as between the individual police officers. To the extent that the Plaintiff still alleges conspiracy between the individual police offers, he has not stated any additional facts in support of such a claim.

The Plaintiff alleges that Defendant Rutledge conspired with Defendant "Sheriff/Chief/Superior," the Wabash Police Department, the City of Wabash, and the State of Indiana to violate the Plaintiff's rights. He argues that these Defendants conspired with Defendant Rutledge because they failed to train Defendant Rutledge properly and were deliberately indifferent to his actions. The Plaintiff makes the same argument as to the remainder of the individual Defendants in conjunction with their respective cities, counties, and employers.

He argues that all that is required to show a conspiracy is an "understanding" between the participants.

Civil conspiracy allegations must "[b]e supported by some factual allegations suggesting a meeting of the minds." *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). In *Alexander*, the plaintiff alleged that there was a meeting of the minds between the defendants by referencing phone calls related to the defendants' investigation of the plaintiff. 320 F. Supp. 2d at 777. The court found those allegations to be insufficient. *Id.* In this case, the Plaintiff's allegations fall even further short. The Plaintiff has not alleged any specific facts that would tend to show that there was a meeting of the minds to form a conspiracy to deprive the Plaintiff of his civil rights. Rather, his allegations are based on the sheer number of times he was pulled over. "Although a conspiracy certainly may be established by circumstantial evidence . . . such evidence cannot be speculative." *William v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). "A racially-motivated charge of conspiracy cannot be maintained where a plaintiff is unable to present non-legitimate reasons for a defendant's actions." *Alexander*, 320 F. Supp. 2d at 779 (citing *Williams*, 342 F.3d at 785). As in *Alexander*, "[a]side from presenting the undisputed fact that Plaintiff is an African American, Plaintiff offers no evidence that Defendants['] investigation stemmed from any racial animosity, evidence necessary to sustain his claim." *Id.* Here, the Plaintiff's allegations are speculative at best. In *Alexander*, the plaintiff alleged "an unwritten policy that authorized, allowed and continues to allow officers to deny individuals their civil rights and discriminate against individuals based on race." *Id.* 320 F. Supp. 2d at 785. These allegations are nearly identical to the Plaintiff's allegations in this case. And, like the *Alexander* court, the Court finds these allegations insufficient to state a claim for either civil conspiracy or conspiracy under §§ 1985 and 1986 against any of the Defendants, including the newly added Defendants.

18

**6.**    ***Dismissal of Claims***

"When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Id.* (citing *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994)). "[F]utile repleadings include restating the same facts using different language, reasserting claims previously determined, failing to state a valid theory of liability, and the inability to survive a motion to dismiss." *Garcia*, 24 F.3d at 970 (internal citations omitted).

The Court has given the Plaintiff the opportunity to amend his Complaint with regard to these claims against the originally named Defendants, but other than his Fourth Amendment claims, he has not stated any new facts that plausibly support of his claims. Because "[t]he Plaintiff has already been granted one opportunity to amend his complaint, and it has proven futile," the Court will dismiss his claims for malicious prosecution, intentional infliction of emotional distress, conspiracy, and violation of the Fifth Amendment against the originally named Defendants with prejudice. *See Arington v. Worker's Compensation Bd. of Ind.*, No. 1:16-CV-315, 2017 WL 2378209, at *3 (N.D. Ind. June 1, 2017). Further, it is clear that the Defendant's Fourth Amendment claim against Defendant Rutledge is futile, and the Court will also dismiss that claim with prejudice.

**B.    New Legal Theories**

**1.    *Sixth and Seventh Amendments***

In his Amended Complaint, the Plaintiff asserts a claim based on violation of his Sixth Amendment rights. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Const. amend. VI. The basis for the Plaintiff's claim appears to be that he was denied a jury trial and assistance of counsel during the proceedings stemming from the traffic stop conducted by Defendant Rutledge, in which the Wabash Superior Court found the Plaintiff guilty. The Plaintiff is asking the Court to reject the state court's judgment based on the denial of a jury trial and provision of counsel. However, the *Rooker-Feldman* doctrine bars this claim because it attacks the state court's judgment. Therefore, the Plaintiff has not stated a claim upon which relief can be granted for violation of his Sixth Amendment rights. A similar analysis applies to the Plaintiff's Seventh Amendment claim, which provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend VII. The Plaintiff's claim is based on court proceedings that resulted from the incident with Defendant Rutledge and therefore must also fail.

Because the Court has found that these claims are barred by the *Rooker-Feldman* doctrine, any amendment to them would be futile, and the Court will therefore dismiss the Plaintiff's Sixth and Seventh Amendment claims with prejudice.

**2.    *Eighth Amendment***

Next, the Plaintiff asserts in his Amended Complaint a claim based on violation of his Eighth Amendment rights. The Eight Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In his original Complaint, the Plaintiff alleges that he was held for two weeks "with no court, nor bond." (Compl. 3.) The Court identified his failure to offer any evidence of such an incident, other than this assertion, as a deficiency in his Complaint. In his Amended Complaint, the Plaintiff makes clear that this incident occurred in 2013, well outside the two-year statute of limitations. *See Behavioral Institute of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (noting that the statute of limitations for § 1983 claims is two years). As for the traffic stops, the Eighth Amendment's cruel and unusual punishment clause does not apply because it applies only to convicted prisoners. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). Moreover, the Supreme Court has set a "gross disproportionality" standard for Eight Amendment excessive fines claims wherein a court must consider whether the fine "is grossly disproportional to the gravity of the defendant's offense." *See United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998). While the Plaintiff may be dissatisfied that he was required to pay the traffic tickets, the amounts assigned are far from grossly disproportionate to the offense of which the Plaintiff was accused. Therefore, the Plaintiff has failed to state a claim for violation of his Eighth Amendment rights against any of the Defendants. Because an Eighth Amendment claim is not cognizable against any of the Defendants, the Court dismisses such claims with prejudice.

**4.    *Tenth Amendment***

The Plaintiff asserts a claim based on a violation of his Tenth Amendment rights. The Tenth Amendment provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. However, the purpose of Tenth Amendment is to "protect the states from federal intrusion that might threaten their separate and independent existence." *O'Donnell v. Vill. of Downers Grove*, 656 F. Supp. 562, 569 (N.D. Ill. 1987) (citing *EEOC v. Wyoming*, 460 U.S. 226 (1983)). Here the Plaintiff fails to allege any conflict between the federal and state governments. Therefore, to the extent the Plaintiff seeks to bring a Tenth Amendment claim against any of the Defendants, he has not stated a claim upon which relief can be granted—nor can he. Therefore, the Court will dismiss this claim with prejudice.

### 5.      *Fourteenth Amendment*

The Plaintiff asserts a claim based on a violation of his Fourteenth Amendment rights. The Fourteenth Amendment provides, in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

The Plaintiff's claims all stem from what he believes were unlawful traffic stops made without probable cause. However, the Supreme Court has stated that "[t]he Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases." *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). Where "the nature of the allegations falls clearly within the ambit of those activities regulated by the Fourth Amendment," the Fourth Amendment provides the appropriate standard for evaluating the claim,

22

and "there [i]s no need for the district court to further analyze the case under the strictures of the Fourteenth Amendment." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994); *see also Tesch v. Cty. of Green Lake*, 157 F.3d 465, 472 (7th Cir. 1998) (stating that the plaintiff could not "use substantive due process to backdoor the district court's conclusion that his arrest satisfies the Fourth Amendment's reasonableness standard").

The Plaintiff's claims "fall[] clearly within the ambit of those activities regulated by the Fourth Amendment." Therefore, the proper standard for the Court to consider this case is that provided by the Fourth Amendment, which the Court has already done and will not reiterate here.

### 6.       *Failure to Protect*

In his Amended Complaint, the Plaintiff added a claim for failure to protect against Defendant Nystuen. The Plaintiff alleges that Defendant Nystuen failed to intervene in Defendant Shefferly's alleged violations of the Plaintiff's rights despite having a reasonable opportunity to do so. A police officer may be liable for a claim brought pursuant to 42 U.S.C. § 1983 where he fails to intervene to prevent an unconstitutional wrong, including excessive force, given a reasonable opportunity to do so. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Officers "who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so," therefore, can be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2005). The Seventh Circuit "has implied that a 'realistic opportunity to intervene' may exist whenever an officer could have called for a backup, called for help, or at least cautioned the excessive force defendant to stop." *Id.* (internal quotation marks and brackets omitted). The Court has found that the Plaintiff has

sufficiently alleged a constitutional violation on the part of Defendant Shefferly. The Plaintiff has plausibly alleged that Defendant Nystuen had a realistic opportunity to prevent Defendant Shefferly from taking the allegedly unconstitutional actions, and he has therefore has adequately stated a claim for failure to protect against Defendant Nystuen.


**C.    Added Defendants**

In his Amended Complaint, the Plaintiff added the State of Indiana and four other groups of Defendants, apparently based on their employment relationship with the individually named Defendants: (1) the unnamed sheriffs and chiefs of police of the various accused law enforcement departments; (2) the Indiana State Police Department, the Wabash Police Department, the Michigan City Police Department, the LaPorte County Sheriff's Department, the Nappanee Police Department, and the Fort Wayne Police Department; (3) the City of Wabash, the City of Indianapolis, Michigan City, the City of Nappanee, the City of Fort Wayne, and the City of Knox; and (4) Marion County, LaPorte County, Elkhart County, Allen County, and Starke County. Defendant Rutledge is an Indiana State trooper and performed the relevant traffic stop in Lagro Township, located within Wabash County; Defendant Escutia is an Indiana State trooper and performed the relevant traffic stop in Michigan City, located within LaPorte County; Defendant Hahn is employed by LaPorte County; Defendant Balasa is employed by the City of Nappanee, located within Elkhart County; Defendant LaMartz is employed by the Indiana State Police as a Capitol Police Officer in the city of Indianapolis, located within Marion County; Defendants E.M., Shefferly, and Nystuen are employed by the City of Fort Wayne, located within Allen County. As noted below the Court construes the Sheriff of Knox to refer to the Chief of Police of the City of Knox, located within Starke County.

*1.*     ***The State of Indiana***

The Defendant has sued the State of Indiana on the theory that the State is responsible for training the individual Defendants, or at least instituting policies and procedures that governed the Defendants' training, and was deliberately indifferent to the individual Defendants' actions. However, the Plaintiff cannot bring a cause of action under 42 U.S.C. § 1983 against a state because a state is not a "person" within the meaning of the statute. In relevant part, 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[I]t is well established that neither a state nor a state agency . . . is a 'person' for the purposes of § 1983." *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ("We hold that neither a State nor its officials acting their official capacities are 'persons' under § 1983.")). Therefore, the Plaintiff cannot bring this claim against the State, and the Court will dismiss these claims with prejudice. *See Longs v. State of Ind.*, No. 3:07-CV-83, 2007 WL 2479325, at *2 (N.D. Ind. Aug. 29, 2007) (dismissing §§ 1983 and 1985 claims against the State of Indiana as futile because it was a non-suable entity).

*2.*     ***Unnamed Sheriffs and Chiefs of Police***

25

The Plaintiff's main theory of liability as to the unnamed sheriffs and chiefs of police is based on the unnamed Defendants' supervisory authority over the individual Defendants named in the Plaintiff's original Complaint. The doctrine of respondeat superior, under which a supervisor can be held liable for a subordinate's actions, does not apply to § 1983 cases. *See Zimmerman v. Tippecanoe Sheriff's Dep't*, 25 F. Supp. 915, 924 (N.D. Ind. 1988) (citing *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971)). To state a claim against the unnamed Defendants in their individual capacities, the Plaintiff must allege facts that plausibly suggest that the unnamed Defendants were personally involved in the alleged violation the Plaintiff's rights. *See Rascon v. Hariman*, 803 F.2d 269, 273 (7th Cir. 1986). However, the Plaintiff does not allege any facts regarding the personal involvement of the unnamed Defendants; he provides only conclusory statements that the unnamed Defendants "personally participated in the unlawful conduct challenged herein," and that, if they did not personally participate, the unnamed Defendants "authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent" the complained of conduct. (*See* Amend. Compl. ¶¶ 315, 362.) These statements are not sufficient to plausibly suggest that any of the unnamed Defendants are liable in their individual capacities.

The Plaintiff's claims against the unnamed Defendants in their official capacities also must fail. "If a plaintiff brings suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed." *Moreno-Avalos v. City of Hammond Ind.*, No. 2:16-cv-172, 2017 WL 57850 (N.D. Ind. 2017). The Plaintiff has sued each of the cities and counties by which the unnamed Defendants are employed, and the Plaintiff's claims are duplicative of those brought against the relevant government entities. Therefore, the Plaintiff has failed to state a claim as to the unnamed Defendant Sheriffs and Chiefs of Police, and the Court will dismiss these claims with prejudice. *See Tyler v. Sevier*, No.

26

2:14-CV-162, 2014 WL 3384658, at *2–3 (N.D. Ind. July 9, 2014) (dismissing claims with prejudice against warden where Plaintiff appeared to base liability under § 1983 on a general respondeat superior theory and there was no plausible basis to infer that the warden was personally involved in the allegedly unconstitutional activity).

### 3.    *Defendant Sheriff and Police Departments*

The Plaintiff has sued the Indiana State Police Department, the LaPorte County Sheriff's Department, the Wabash Police Department, the Michigan City Police Department, the Nappanee Police Department, and the Fort Wayne Police Department. Not every local governmental entity may be held liable under § 1983. In Indiana, a municipal police department is not a suable entity under § 1983. *See Martin v. Fort Wayne Police Dept.*, No. 1:09-CV-48, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010). This is because under Indiana law, a municipal police department has no separate legal existence apart from the city with which it is affiliated. *Id.*; *Martin v. Fort Wayne Police Dep't*, No. 1:11-CV-346, 2014 WL 854093 (N.D. Ind. Mar. 5, 2014). Therefore, none of the city police departments named by the Plaintiff are suable entities under § 1983 and must be dismissed from this action. Likewise, as a state agency of the State of Indiana—a non-suable entity under § 1983—the Indiana State Police Department is not a suable entity under § 1983.

The same is true of county sheriff's departments. *See Riley v. Lake Cty.*, No. 2:17 CV 368, 2018 WL 3239732, at *3 (N.D. Ind. July 3, 2018) (collecting cases finding that under Indiana law, sheriff's departments are not suable entities); *Beiler v. Jay Cty. Sheriff's Office*, No. 1:11-CV-380, 2012 WL 2880563, at *2 (N.D. Ind. July 13, 2012) (noting that "under Indiana law, a 'sheriff's department' has no separate corporate existence and is therefore not a suable

entity"). Therefore, Defendant LaPorte County Sheriff's Department is not a suable entity under § 1983 and must be dismissed from this action.

The Court will dismiss these claims with prejudice because these entities are not suable under § 1983. *See Longs*, 2007 WL 2479325, at *2.

### 4.      *Defendant Cities and Counties*

The Plaintiff has named as Defendants the cities of Wabash, Indianapolis, Michigan City, Nappanee, Fort Wayne, and Knox and the counties of Marion, LaPorte, Elkhart, Allen, and Starke. The Plaintiff asserts that these Defendants were deliberately indifferent to the violation of his rights by failing to appropriately train their employees. Municipalities may be held liable under § 1983 if their official policies, including unwritten customs, cause constitutional violations. *See Monell v. Dep't of Soc. Servs., of the City of N.Y.*, 435 U.S. 658, 690–91 (1978). To establish liability on this theory, the Plaintiff must prove that (1) the Plaintiff suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City; which (3) was the proximate cause of the Plaintiff's injury. *Ienco v. City of Chi.*, 286 F.3d 994, 998 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 690–91). The Plaintiff cannot state a claim against the Cities of Wabash, Michigan City, or Indianapolis because these cities do not employ any of the named Defendants. The acts alleged to have occurred in these municipalities were performed by Indiana State troopers, employed by the State, and there is therefore nothing for which the Cities of Wabash, Michigan City, or Indianapolis can be liable. *See Gisler v. City of Indianapolis*, No. 96-236-C, 1997 WL 33330756, at *6 (S.D. Ind. Aug. 26, 1997) (neither city nor county could not be held liable where there was no employer-employee relationship with the

accused individual actor); *cf. also Marion v. City of Corydon, Ind.*, 559 F.3d 700, 706 (7th Cir. 2009) ("Because we find no constitutional violation by the police officers, the district court correctly dismissed [the plaintiff's] claims against the named municipalities and against the [named county]."). After being given the opportunity to amend his Complaint, the Defendant did not name any additional individual actors that might have an employer-employee relationship with the Cities of Wabash, Michigan City, and Indianapolis. The Court finds that further amendment regarding the claims against these three Cities would be futile and will dismiss these claims with prejudice.

Likewise, the Plaintiff has also failed to state a claim against the counties of Marion, Elkhart, Allen, and Starke because the Plaintiff has not alleged that any individual actor employed by or acting on behalf of these Defendants violated his rights. The only relation these counties appear to have to this case are that they are the counties within which the relevant traffic stops occurred, and there is no indication that any of these counties exercised control over the individual Defendants so as to impose liability. After being given the opportunity to amend his Complaint, the Defendant did not name any additional individual actors that might have an employer-employee relationship with Marion, Elkhart, Allen, or Starke County. The Court finds that further amendment regarding the claims against these five counties would be futile and will dismiss these claims with prejudice.

The City of Fort Wayne has admitted that the Plaintiff has stated a claim against it based on alleged Fourth Amendment violations. But, the Plaintiff has not alleged sufficient facts in his Amended Complaint to meet the pleading standard on his claims against the Defendants City of Nappanee, City of Knox, and LaPorte County. "Seventh Circuit precedent dictates that a plaintiff's *Monell* claim that is based upon rote allegations of an unconstitutional custom or

policy should be dismissed if the plaintiff alleges no facts that suggest the unconstitutional

policies actually exist." *Doffin v. Ballas*, No. 2:12-CV-441, 2013 WL 3777231, at *6 (N.D. Ind.

July 18, 2013) (citing *Strauss v. City of Chi.* 760 F.2d 765, 767 (7th Cir. 1985)). As noted above,

the doctrine of respondeat superior, under which a supervisor could be held liable for a

subordinate's actions, does not apply to § 1983 cases. *See Zimmerman*, 25 F. Supp. at 924.

Therefore, "[p]roximate causation between the municipality's policy or custom and the

plaintiff's injury must be present" to avoid "impos[ing] a broad, general liability raising

insurmountable constitutional difficulties." *Strauss*, 760 F.2d at 767. "[B]are allegations cannot

stand when the policy identified is nothing more than acquiescence in prior misconduct." *Id.*

"[S]ome fact indicating the existence of some such policy must be pled." *Id.* at 768. "Without

some evidence apart from the fact of employment . . . that a policy causing plaintiff's injury

might exist, the plaintiff simply cannot proceed in court against the municipality." *Id.* Such a

claim "will lie only for those injuries cause by faults 'systemic in nature,'" and "[b]ecause a

municipality can be held liable only for its regular procedures, not for the isolated independent

tort of an individual employee, some fact indicating such procedures must appear in the

complaint." *Id.* at 770.

   A city cannot be held liable under § 1983 "merely because a police officer

unconstitutionally injured a citizen; such an isolated incident by a police officer does not show

that a policy of the city cause the injury." *Malak v. Assoc. Phys., Inc.*, 784 F.2d 277, 283 (7th

Cir. 1986). The Plaintiff's claims against Defendant Cities are based on the wrongdoing of their

respective employees. None of the Defendant Cities may be held liable under § 1983 if the

wrongdoing was not caused by their respective employees. Therefore, the Plaintiff has alleged

only an isolated incident in support of imposing liability on each of these Defendants. Isolated

incidents are not categorically insufficient to impose § 1983 liability, but the Plaintiff has not pleaded any other facts that, when accepted as true, demonstrate a systemic policy or custom instituted by each of the Defendants with regard to their own employees. Thus, the Plaintiff has not stated a claim against the Defendant Cities Nappanee, and Knox. Under the same reasoning, the Plaintiff has not stated a claim against LaPorte County. Although the Court is skeptical that the Plaintiff will be able to plead facts sufficient to plausibly suggest *Monell* liability as to these Defendants, because the Plaintiff has not yet had the opportunity to amend his allegations on this point, the Court will dismiss these claims without prejudice.

**D.  Joinder of Claims**

Federal Rule of Civil Procedure 20 provides in relevant part that a plaintiff may join multiple defendants in one lawsuit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(2)(A). In this case, the Plaintiff has attempted to join numerous claims encompassing multiple individuals, law enforcement agencies, cities, counties, and even federal districts. The Plaintiff has alleged that all of his claims are tied together because of a conspiracy to racially profile the Plaintiff. The Court has determined not only that the Plaintiff has not pleaded sufficient facts to plausibly allege such a conspiracy, but also that he will not be able to do so. Therefore, with the exception of each individual Defendant and his respective employer, these claims all concern unrelated occurrences. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

31

When screening complaints, "courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal rule of Civil Procedure 20(a)(2)." *Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) (citing *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)). Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "When the case is in its infancy, it is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits." *Taghon v. Blair*, No. 3:17-CV-559, 2018 WL 1744960 (N.D. Ind. Apr. 10, 2018) (citing *Wheeler*, 689 F.3d at 683). "The court could also properly limit this case by picking a claim (or related claims) for [the Plaintiff] . . . ." *Id.* (citing *Wheeler*, 689 F.3d at 683). However, "[t]his option is fraught with complications . . . Which defendants are excess? Which claim should remain? The one first discussed in the body of the complaint? The one most extensively discussed? The one joining the most defendants? The one joining the most claims? Should the court pick one that states a claim even if it is not among those options?" *Scruggs v. Shihadeh*, No. 3:16-CV-722, 2017 WL 1546176, at *2 (N.D. Ind. Apr. 28, 2017).

The Defendant against which the Plaintiff asserts the largest number of claims is Defendant Rutledge. Defendant Rutledge is also the first named Defendant, the Defendant discussed first in both the Original and Amended Complaints, and the Defendant discussed most extensively in the Original and Amended Complaints. Thus, Defendant Rutledge would seem to be an appropriate choice. But, choosing the claims against Defendant Rutledge as those that should remain in the present action while severing the rest would result in the dismissal of the entire action as the Court is dismissing all claims against Defendant Rutledge, with prejudice. The Court has found that the Plaintiff has sufficiently alleged a Fourth Amendment Claim

against Defendant LaMartz, but severance of the remaining Defendants would likely deprive the Court of venue, [6] again resulting in dismissal of the entire action. The largest group of related Defendants against which the Plaintiff asserts claims are as to Defendants Shefferly and Nystuen, for violation of his Fourth Amendment rights, as to Defendant Nystuen for failure to protect, and as to the City of Fort Wayne for *Monell* liability.

The Plaintiff is the master of his Complaint, and as it is not clear to the Court what claims the Plaintiff would prefer to pursue in this action, the Court will instruct the Plaintiff to advise the Court which related claim(s) he wishes to be considered in this action and whether he wishes to pursue some or all of the remaining claims in separate actions. *See Strominger v. Ind. Dept. of Corr.*, No. 1:15-cv-1654, 2015 WL 9473652, at *2 (S.D. Ind. Dec. 28, 2015) (citing *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005)). The Plaintiff will have thirty (30) days in which to so notify the Court. The Court cautions the Plaintiff that he may not include any claims that the Court has dismissed with prejudice either in this action or in a severed action.

## CONCLUSION

For the foregoing reasons, the Fort Wayne Defendants' Motion to Dismiss [ECF No. 90] is GRANTED, and Defendant Balasa's Motion to Dismiss [ECF No. 92] is GRANTED, but for relief different than requested. All claims against Defendants Rutledge, the Sheriff of Knox, the City of Wabash and the Wabash police department, the City of Indianapolis, Michigan City and

---

[6] Under 28 U.S.C. § 1391, venue would be proper as to Defendant LaMartz in the district in which he resides or the district in which "a substantial part of the events or omissions giving rise to the claim occurred." It is clear that, absent the Plaintiff's conspiracy claim, no events or omissions related to the Plaintiff's encounter with Defendant LaMartz occurred in the Northern District of Indiana. The relevant traffic stop and subsequent court appearance occurred in Indianapolis, which is in the Southern District of Indiana. There are no allegations, however, regarding Defendant LaMartz's residency, and the Court cannot make a determination regarding venue at this time.

the Michigan City police department, the State of Indiana and the State of Indiana police department, the unnamed Sheriffs and Chiefs of Police, and the Counties of Largo, Marion, Elkhart, Allen, and Starke are DISMISSED WITH PREJUDICE. The Plaintiff's claims for violation of his Fifth, Sixth, Seventh, Eighth, and Tenth Amendment rights; civil and federal conspiracy; intentional infliction of emotional distress; and malicious prosecution are DISMISSED WITH PREJUDICE as to ALL Defendants. In addition to improper joinder, the Plaintiff has failed to state a claim for *Monell* liability against Defendants City of Nappanee, City of Knox, and LaPorte County; however he has not yet had the opportunity to amend these claims, and the Court will DISMISS them WITHOUT PREJUDICE. The Plaintiff is GRANTED thirty (30) days to file a notice with the Court regarding what claims he wishes to maintain in this action and what claims, if any—that the Court has not dismissed with prejudice—that he still wishes to pursue in separate actions. The Plaintiff also has thirty (30) days within which to file a second amended complaint in this action that complies with the joinder requirements and the pleading standards under the Federal Rules of Civil Procedure to adequately plead a claim for *Monell* liability, if appropriate.

SO ORDERED on September 4, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

34