## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| CARL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-363-HAB |
| | ) | |
| SHANE LAMARTZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CARL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-365-HAB |
| | ) | |
| ROGELIO ESCUTIA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On June 22, 2020, the trial in this matter was reset to September 22, 2020, at the request of Defendant Shane LaMartz.[1] (*See* ECF No. 173)[2]. For the last three months the parties, and the Court, have labored under the assumption that this trial date would hold. The parties filed witness and exhibit lists (ECF Nos. 179, 180), an objection to proposed exhibits (ECF No. 186) a proposed preliminary statement (ECF No. 178), a proposed final pretrial order (ECF No. 184), and a request to delay the delivery of trial exhibit binders (ECF No. 185). For its part, the Court prepared preliminary jury instructions, drafted final jury instructions, sent out jury summons, and cleared its calendar for the week of September 21, 2020. Now, only six (6) days before trial is scheduled

---

[1] The trial was previously scheduled for October 20, 2020.
[2] All references to the docket will be to Cause No. 1:18-CV-363. The referenced filings were filed under both consolidated cause numbers.

to begin, Defendants have filed a Notice to the Court Regarding Defendant Escutia's Military Service (ECF No. 185).

According to the Notice, Escutia received military orders on August 12, 2020, requiring him to report for annual training in Wisconsin by September 15, 2020. Escutia's counsel states that he did not learn of the orders until, on September 15, 2020, counsel attempted to set up a meeting with Escutia. It was then that Escutia informed counsel of the military orders and that Escutia's "commanding officer will not release him from his military orders." (*Id*. at 2). As a result, counsel is requesting that the consolidated cases be tried separately or that the consolidated trial be reset.

The legal basis for the requested relief is the Service Members Civil Relief Act (the "Act"). However, Defendants' filing does not come close to meeting the procedural requirements for obtaining a continuance under the Act. The Act provides that any request for a stay must include:

> (A)     A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

> (B)     A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932(b)(2). The Notice contains literally none of this information, so no stay or continuance can or will be granted based on the Act.

Nonetheless, the Court has discretion to continue, on its own motion, proceedings in any civil case. N.D. Ind. L.R. 16-3(a). While the Court finds the timing of the Notice to be indicative of a troubling lack of diligence on the part of Defendants' counsel, it is not inclined to punish Defendant Escutia for serving in our nation's military. As such this matter will be continued.

2

This development will no doubt be frustrating to Plaintiff. The consolidated trial on this matter has been reset several times already. To reduce any further delay, the Court has set this matter for multiple secondary settings (*see* ECF No. 189)[3] in the hopes of bringing this matter to a conclusion as soon as possible.

Accordingly, the September 22, 2020, trial in this case is VACATED, and is reset as set forth in ECF No. 189.

SO ORDERED on September 16, 2020.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[3] The Court has also scheduled a status conference in advance of each secondary trial setting so as to advise the parties whether the case will proceed on those settings.